UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-1671-GW (SK) | Date | October 13, 2021 |
|---|---|---|---|
| Title | Erlindo Rodriguez Jr. v. The People | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In late September 2021, Petitioner constructively filed a habeas petition here under 28 U.S.C. § 2254, challenging his May 2017 California state conviction for second-degree murder. Part of the evidence at Petitioner's trial consisted of video surveillance footage purportedly depicting him shooting the victim. Petitioner now alleges that his trial counsel was ineffective for not having this video footage enhanced, which according to Petitioner would have shown that he shot in self-defense. Its potential merits aside, however, the petition appears procedurally defective for at least three reasons.

First, Petitioner has named the wrong respondent in "the People" (by which he presumably means the People of the State of California). The "proper respondent [in a federal habeas petition] is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004). Unless Petitioner names the correct respondent, the Court lacks jurisdiction over the petition. *See id.* at 442.

Second, even if Petitioner named the right respondent (in an amended petition), the claim in that petition cannot ordinarily be reviewed in federal court unless it has first been exhausted—that is, presented to—the California state courts through either a complete round of direct appeals or state habeas proceedings. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Yet Petitioner appears never to have raised—in any California state court—his ineffective assistance of counsel claim based on failure to enhance the video trial evidence.[1] (*See* direct appeal in Case No. D075138; denial of petition for review in Case No. S256240; and appeal after remand in Case No. D077220). This omission is notable

---

[1] *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of public dockets for state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-1671-GW (SK) | Date | October 13, 2021 |
|---|---|---|---|
| Title | Erlindo Rodriguez Jr. v. The People | | |

because the Court of Appeal, in rejecting Petitioner's most recent appeal to that court, informed him that ineffective assistance of counsel claims should be raised on collateral review through state habeas petitions. (*See* Case No. D077220). To be clear, nothing in this order prevents Petitioner from still presenting his current claim in a round of state habeas petitions to the California state courts; it is possible he could even secure relief that way in a *state court*. But so long as his federal petition here contains an unexhausted claim, it remains subject to dismissal from *federal court* for lack of complete exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005).

Finally, even if Petitioner returned to the California state courts now to exhaust his ineffective assistance claim (which, as just noted, he could do), he still faces the separate problem of the petition's apparent untimeliness. After his last appeal to the California Court of Appeal (*see* Case No. D077220), Petitioner evidently filed no petition for review in the California Supreme Court. That means his conviction became final 40 days later in August 2020. *See* Cal. R. Ct. 8.366(b)(1), 8.500(e)(1)(A). From then, without statutory or equitable tolling, Petitioner had one year—until August 2021—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). This deadline does not change even if Petitioner is suggesting that he may be innocent based on newly discovered evidence. (ECF 1 at 3). While the discovery of new evidence proving actual innocence can sometimes restart the statute of limitations, *see* 28 U.S.C. § 2244(d)(1)(D), the video footage Petitioner wants to enhance now is not newly discovered—as a matter of law—because it was available to him at trial. That Petitioner now wants to provide a new take and enhanced perspective on that video (which, to be sure, he argues his trial counsel should have done in the first place) does not make it "newly discovered" under the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 400 (2013); *Jones v. Ryan*, 733 F.3d 825, 844 (9th Cir. 2013). And actual innocence is not a freestanding, independent federal habeas claim that can be asserted at any time without regard to the one-year limitations period. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). So unless Petitioner can meet his burden to prove that he is entitled to equitable tolling for some valid reason, the petition is facially untimely. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **Friday, November 12, 2021** why the Court should not dismiss the petition for lack of jurisdiction, failure to exhaust state court remedies, and untimeliness. To discharge this order, Petitioner must (1) file an amended petition naming the right respondent; (2) prove that he has exhausted his claim in state court (or that he should receive a stay of this action to permit such exhaustion); and (3) prove that he is entitled to enough tolling of the statute of limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-1671-GW (SK) | Date | October 13, 2021 |
|---|---|---|---|
| Title | Erlindo Rodriguez Jr. v. The People | | |

to make his petition timely even though it was filed more than a year after his conviction became final.  On the other hand, if Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached Notice of Voluntary Dismissal Form CV-09. *See* Fed. R. Civ. P. 41(a).  But if Petitioner files no notice of voluntary dismissal, an amended petition that cures the procedural defects outlined here, or some other timely response to this order, the petition may be involuntarily dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED**.